**Michael HANSEN; Teresa Hansen, husband and wife, Plaintiffs–Appellants,**

v.

**UNITED STATES OF AMERICA, Defendant–Appellee.**

No. 98–36172.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2000.**

Decided Feb. 5, 2001.

Before ALARCÓN, FERGUSON, McKEOWN, Circuit Judges.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

## MEMORANDUM *

This case concerns the injuries suffered by Plaintiff–Appellant Michael Hansen while shopping at the commissary on McChord Air Force Base. The Hansens appealed the district court's dismissal of their suit, contending that dismissal was improvident because discovery had not yet been completed and, in any event, that dismissal was improper under *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Because the Hansens succeed on their discovery claim, we do not address the merits of their *Feres* argument.

■ We review for abuse of discretion a district court's decision to dismiss for lack of jurisdiction without permitting additional time for discovery. *America West Airlines, Inc. v. GPA Group, Ltd.,* 877 F.2d 793, 800–01 (9th Cir.1989).[1]

■ As a general rule, "where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *Id.* at 801; *see also Razore v. Tulalip Tribes,* 66 F.3d 236, 240 (9th Cir. 1995) (affirming dismissal because "[a]dditional discovery would not affect the jurisdictional analysis"). On the other hand, there is no abuse of discretion "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *America West,* 877 F.2d at 801 (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 431 n. 24 (9th Cir.1977)). In short, if the discovery sought by the Hansens could conceivably have demonstrated that their suit is not barred by the *Feres* doctrine, then the suit should not have been dismissed before that discovery was completed.

It is at least conceivable that the requested discovery would establish facts under which the Hansens would elude the *Feres* doctrine. Although the *Feres* doctrine has a broad reach, the discovery sought by the Hansens might establish that *Feres* does not bar their suit. In particular, responses to the Hansens' interrogatories would illuminate the nature of the agreement between McChord and the commissary, as well as the operations of the commissary, and might demonstrate that the commissary was so far removed from the military command-in terms of military regulations, staffing, funding, and management-that the act of shopping in the commissary is not "incident to service."

Thus, it was premature for the court to dismiss the case before the Government responded to the interrogatories. We reverse the dismissal, and remand so that the Hansens may complete the discovery they sought.

REVERSED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Although the *Feres* doctrine relates to sovereign immunity, and thus would seem to be an affirmative defense, it is treated as a bar to jurisdiction. *United States v. Dreier,* 106 F.3d 844, 847 (9th Cir.1996).